IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv138

| | |
|---|---|
| ALVIN RICHARD HUSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ROSEBORO** |
| Vs. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon review of the Scheduling Order entered in this case. Such Order set a deadline of June 26, 2008, for plaintiff to file his Motion for Summary Judgment. Review of the docket reveals that plaintiff, who is proceeding *pro se*, has not filed his motion. The Clerk of Court reports that the United States Attorney has advised his office that she did not believe plaintiff received a copy of the Scheduling Order, making his failure to comply excusable under Rule 6(b), Federal Rules of Civil Procedure. The court agrees, and will allow plaintiff up to and inclusive of August 1, 2008, to file his motion and supporting brief, instruct the Clerk to send plaintiff a copy of the Scheduling Order along with this Order, and the court will briefly instruct plaintiff on how to file a Motion for Summary Judgment and a supporting brief.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is advised that where he files a civil action challenging the final decision of the Commissioner of Social Security, the rules and

-1-

practice of this court require the plaintiff to file a Motion for Summary Judgment and supporting brief showing the court why he believes the Commissioner's decision is not supported by "substantial evidence" and what, if any, legal errors the Commissioner made in deciding his case. Plaintiff is welcome to direct the court's attention to any parts of the Administrative Record he believes supports his arguments, and the court will closely consider those provisions. Sixty days from the plaintiff filing such a motion and brief, the Commissioner will file his motion and brief addressing those arguments and explaining to the court why his decision is supported by substantial evidence. indicating. After such briefing is complete, the court will then take both motions and briefs, read the final decision of the Commissioner and the rest of the Administrative Transcript.

Plaintiff is advised that the only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

In addition to such advice, plaintiff is cautioned that his legal interests are best served where he is represented by a lawyer and he is encouraged to engage a lawyer's services in this matter.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff is **ALLOWED** up to and inclusive of August 1, 2008, to file his motion and supporting brief, and the Clerk of this Court is instructed to send plaintiff a copy of the Scheduling Order along with this Order. The Commissioner is **ALLOWED** 60 days from plaintiff's filing of his motion and brief to file the Commissioner's Motion for Summary judgment and supporting memorandum of law.

Signed: July 15, 2008

Dennis L. Howell
United States Magistrate Judge