# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv138

| | |
|---|---|
| ALVIN RICHARD HUSS, | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )  MEMORANDUM<br>)  OF DECISION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(c), for consideration of plaintiff's Motion for Summary Judgment (#10) and defendant's Motion for Summary Judgment (#12). The court also has before it and has read and considered the administrative record.

Inasmuch as plaintiff is proceeding *pro se*, the court entered additional instructions and advice to plaintiff in accordance with the instructions of the Court of Appeals for the Fourth Circuit in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), adapted to the Social Security setting. See Order, Docket Entry #9. Specifically, plaintiff was advised that where he files a civil action challenging the final decision of the Commissioner of Social Security, the rules and practice of this court require the plaintiff to file a Motion for Summary Judgment and supporting brief showing the court why he believes the Commissioner's decision is not supported by "substantial evidence" and what, if any, legal errors the Commissioner made in deciding his case. Plaintiff was further instructed to direct the court's attention to any

-1-

parts of the Administrative Record he believes supports his arguments, and the court advised that it would closely consider those provisions. In addition, plaintiff was procedurally advised that 60 days from the plaintiff filing such motion and brief, the Commissioner would file his motion and brief addressing those arguments and explaining to the court why his decision is supported by substantial evidence. Plaintiff was also advised that the only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence, <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990), that review by a federal court is not *de novo*, <u>Smith v. Schwieker</u>, 795 F.2d 343, 345 (4th Cir. 1986), and that inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, <u>supra</u>. Finally, plaintiff was advised that his legal interests are best served where he is represented by a lawyer and he is encouraged to engage a lawyer's services in this matter. Order, Docket Entry #9, at 1-3.

In compliance with that Order and the instructions of the court, plaintiff timely filed his Motion for Summary Judgment, and the Commissioner then timely filed his motion. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings and conclusions. A judgment reflecting such conclusions is being entered simultaneously herewith.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits as well as Supplemental Security Income on August 1, 2003. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ").  After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council.  Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").  Thereafter, plaintiff timely filed this action.

**II.    Factual Background**

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth.  Such findings are referenced in the substantive discussion which follows.

**III.   Standard of Review**

While the court has earlier discussed the standards for review in describing the Roseboro instructions provided, the court feels that it is appropriate to again fully set forth the standard of review that will be applied.

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence.  Richardson v. Perales, supra; Hays v. Sullivan, supra.  Review by a federal

court is not *de novo*, Smith v. Schwieker, supra; rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Standard for Evaluating Allegations of Pain and Other Subjective Complaints

Plaintiff's claim for benefits includes allegations of pain or other subjective complaints. The correct standard and method for evaluating claims of pain and other subjective symptoms in the Fourth Circuit has developed from the Court of Appeals' decision in Hyatt v. Sullivan, 899 F.2d 329 (4th Cir. 1990)(Hyatt III), which held that " [b]ecause pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative." Id., at 336. A two-step process for evaluating subjective complaint was developed by the appellate court in Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), and is now reflected in Social Security Ruling 96-7p.[1]

---

[1] "The purpose of this Ruling is to clarify when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." S.S.R. 96-7p (statement of purpose).

−4−

Craig requires that the Commissioner apply a two-step analysis when assessing the credibility of a claimant's subjective complaints of pain. See 20 C.F.R. § 416.929. In conducting the two-step Craig analysis, Step One requires the ALJ to determine whether there is "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant" Craig, at 594. Once a medical impairment is identified by the ALJ in Step One that could reasonably be expected to produce the pain or other subjective complaint asserted, the intensity and persistence of that pain is evaluated by the ALJ along with the extent to which such pain or other subjective complaint limits claimant's ability to engage in work. Id.; see also 20 C.F.R. § 416.929(c).

Once the ALJ progresses to Step Two, he or she considers the following factors, which include: (1) plaintiff's testimony and other statements concerning pain or other subjective complaints; (2) plaintiff's medical history; (3) any laboratory findings; (4) objective medical evidence of pain if any; (5) the plaintiff's activities of daily living; and (6) any course of treatment the plaintiff has undergone to alleviate pain. Craig, supra, at 595.

## V. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different

conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

**B.    Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

> a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;
>
> b. An individual who does not have a "severe impairment" will not be found to be disabled;
>
> c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;
>
> d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;
>
> e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

## C. The Administrative Decision

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the relevant period. At step two, the ALJ found that Plaintiff had severe impairments consisting of status post stroke with residual left sided weakness, depression, chronic obstructive pulmonary disease (COPD), and a history of alcohol abuse. At step three, the ALJ found that Plaintiff did not have any impairment or combination of impairments listed in or medically equal to any impairment listed in Appendix I, Subpart P of Regulation No.4. The ALJ then assessed plaintiff's residual functional capacity (RFC) to determine whether he could perform any of his past relevant work or other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1 520(e)-(g), 416.920(e)-(g) (2006). The ALJ found that during the period at issue, plaintiff retained the RFC to perform light and sedentary exertional work that did not require use of the left arm or hand and that was unskilled work consisting of simple, routine, repetitive tasks. At step four, the ALJ found that plaintiff could not perform any of his past relevant work as a real estate broker.

The ALJ ultimately decided this claim at the fifth step of the sequential evaluation process. The ALJ determined that plaintiff could do other work that existed in significant numbers in the national economy, including work as a library aide, security monitor, food checker, cashier, information clerk, and telephone solicitor. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period.

D.  **Discussion**

1.  **Plaintiff's Assignments of Error**

While plaintiff has filed a Motion for Summary Judgment, he has not made any specific assignments of error. The court has discerned from all of the pleadings, including plaintiff's filing and letters, that the following assignments of error should be considered:

(1) whether substantial evidence supports the ALJ's decision that plaintiff was not disabled; and

(2) whether remand is warranted for the consideration of additional evidence.

These assignments of error will be discussed seriatim.

2.  **First Assignment of Error: Substantial Evidence**

a.  **Review of the Step Two Determination**

Substantial evidence supports the ALJ's finding that plaintiff had no severe impairments other than status post stroke with residual left sided weakness, depression, chronic obstructive pulmonary disease ("COPD"), and a history of alcohol abuse. A.R., at 18 &22. While plaintiff was also diagnosed with an ear ache and nasal congestion due to a deviated septum, A.R., at 204 & 209, substantial evidence supports the ALJ's finding that plaintiff failed to show that these were severe impairments, A.R., at 18, inasmuch as plaintiff's ear impairment improved after a short time with treatment, which would not meet the durational requirement of the Act. As to his deviated septum, none of plaintiffs' physicians assessed any

specific functional limitations resulting from this impairment. Dr. Morris Britt diagnosed dementia due to a cardiovascular accident and a pain disorder. A.R., at 374). The ALJ discussed Dr. Britt's opinions as to the limitations resulting from these impairments, finding them to be inconsistent with the assessment of psychological associate Rebecca Taylor, MA, and psychologist Frieda Brown, Ph.D., who made no such diagnoses and found that plaintiff had low average to average memory and could sustain attention and understand, retain, and follow instructions. A.R., at 363. Further, the ALJ determined such opinions were contradictory in that Dr. Britt felt plaintiff's ability to interact with others was very restricted, yet he also opined that plaintiff could relate to others fairly well. A.R., at 374. There is also substantial evidence that Dr. Britt's assessment is not supported by his own clinical findings or by plaintiff's statements to him. Dr. Britt noted that plaintiff's ability to recall items after a five minute delay was satisfactory, A.R., at 373, and that plaintiff was able to provide a complete history and to complete intelligence and scholastic achievement tests. A.R, at 372-374. Plaintiff also complained of fatigue and depression, but he made no mention of any pain complaints - - he reported that he was able to perform activities such as cooking, cleaning, laundry, and washing dishes. A.R., at 372. The ALJ's decision to decline to find that plaintiff had additional severe impairments consisting of dementia or a pain disorder finds support in substantial evidence of record and the court can find no error in the ALJ's decision to not fully credit Dr. Britt's opinions.

    b.  **Review of the Step Three Determination**

Substantial evidence supports the ALl's finding that Plaintiff had no impairment or combination of impairments of listing-level severity. A.R., at 18 & 22. For plaintiff to meet his burden of showing a listing-level impairment, the impairments shown must must be of listing-level severity for 12 or more months. Conn v. Sec'y of Health and Hum. Servs., 51 F.3d 607, 609 (6th Cir. 1995).

Plaintiff's medical records do not establish that plaintiffs impairments met any listing. Antithetical to plaintiff's burden, the state agency medical sources who reviewed much of the record each opined that plaintiff had functional capacities inconsistent with listing-level impairment severity. A.R., at 102, 112, 117-119, 125-127, 132-134, 136, 146. State agency medical sources are experts in the evaluation of the medical issues in disability claims under the Act, whose opinions must be considered by the ALJ when they find evidentiary support in the case record. 20 C.F.R. §§ 404.1527(t), 416.927(t) (2006); SSR 96-6P. Substantial evidence supports the ALJ's finding that Plaintiff failed to meet his burden at step three.

### c. Review of the Step Four Determination

At step four, the ALJ determined that plaintiff retained the Residual Functional Capacity ("RFC") to perform light and sedentary exertional work that did not require use of the left arm or hand and that was unskilled work consisting of simple, routine, repetitive tasks. A.R., at 20 & 22.

The ALJ is solely responsible for determining the RFC of a claimant. 20 C.F.R. § 404.1546(c). In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable

impairments. S.S.R. 96-8p. Inasmuch as RFC is determined at the fourth step of the sequential evaluation process, the burden is on the claimant to establish that he or she suffers from a physical or mental impairment which limits functional capacity. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

Clearly, substantial evidence supports the ALJ's finding that plaintiff could not use his left arm or hand and likewise supports his determination that plaintiff could otherwise meet the exertional demands of light and sedentary work. See A.R., at 255. The evidence that supports the ALJ's conclusion concerning plaintiff's inability to use his left arm and hand also contains a vocational opinion from Dr. Boyles, who opined that plaintiff was disabled. A.R., at 254-55. Whether a person is disabled from work is, however, an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527( e), 416.927( e) (2006). Because Dr. Boyles vocational opinion is not supported by the record, the ALJ properly disregarded such opinion.

Likewise, the ALJ properly did not follow the vocational conclusions of Dr. Toma Radut, who opined in September of 2003 that plaintiff could not work. Such opinion is not supported because it was based on a finding of only left arm weakness with no assessment of specific functional limitations. Further, Dr. Radut could not state whether the disability which he found would be expected to last for twelve months or more. A.R., at 178.

Further review of the record reveals that no physician assessed additional physical limitations that would preclude the performance of sedentary or light exertional work, and the state agency physicians each opined that plaintiff could do

light work with even frequent use of the left hand for handling and fingering. A.R., at 117-119, 125-127. Plaintiff reported to Dr. Britt that sitting, standing, climbing, bending, and squatting were satisfactory. A.R., at 373. The ALJ's limitation of plaintiff to light and sedentary work adequately accounts for plaintiff's reports to Dr. Britt of limitations he experienced in running, carrying, and lifting. Id.

The ALJ also properly accounted for mental limitations. The ALJ found that despite plaintiffs mental impairments, he could perform simple, routine, repetitive tasks as necessary to do unskilled work. Such conclusion finds substantial support in the psychological evaluation performed by Rebecca Taylor and Dr. Frieda Brown, who determined that plaintiff could understand, retain, and follow instructions, had low average to average memory, could sustain attention and had average intelligence. A.R., at 363. Again, Dr. Britt felt plaintiff was more limited, but the ALJ properly discounted such opinions because they were not well supported, were inconsistent with other substantial evidence in the record, and were contradictory. In addition, the ALJ's determination is supported by the state agency psychologist, who opined that plaintiff could perform simple, routine, repetitive tasks. A.R., at 134.

The ALJ also considered plaintiffs subjective complaints, finding them to not be entirely credible. A.R., at 20. The ALJ determined that plaintiff's subjective complaints were out of proportion to the medical evidence as to his functional limitations. A claimant's allegations "need not be accepted to the extent they are inconsistent with the available evidence ...." Mickles v. Shalala, 29 F.3d 918, 927 (4th

Cir. 1994). In <u>Hatcher v. Secretary</u>, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that

> it is well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations-- about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

<u>Id.</u>, (quoting <u>Hammond v. Heckler</u>, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)). Plaintiff complained of fatigue and shortness of breath and of difficulty walking. A.R., at 75. Such complaints, however, conflicted with plaintiff's own report of daily activities, in which he indicated that he walked a mile a day, A.R., at 82, and that he walked wherever he needed to go unless he got a ride from someone. A.R., at 92. On physical exams, he had a normal gait. A.R., at 342 &365-66. The limitation of plaintiff to light and sedentary work adequately accounted for plaintiffs walking limitations, especially given that sedentary work is primarily performed while seated. Despite plaintiff's complaints of breathing difficulties and chest pain, exam findings relative to his COPD were typically unremarkable. A.R., at 189, 191, 193, 195, 197, 199, 365. While plaintiff also alleged that he could not work due to anxiety and depression, Ms. Taylor and Dr. Brown indicated that plaintiff could understand, retain, and follow instructions, had low average to average memory, could sustain attention, and had average intelligence. A.R., at 363. In addition, the state agency psychologist felt plaintiff could perform simple, routine, repetitive tasks.

A.R., 134. Plaintiff reported to the Commissioner that Xanax improved his symptoms and that he was not having any problems handling stress. A.R., at 74.

The ALJ also considered evidence of daily living, including evidence that plaintiff got along with well with others,[2] was active in AA and did some household chores. Evidence of record indicates that he attended retreats and camps and spoke at various events. A.R., at 405.

The only error the court can find in the ALJ's RFC assessment is that it did not take into account a restriction to work involving low production demands. Review of the jobs which the ALJ found plaintiff could perform, however, reveals that such error was harmless inasmuch as none of the jobs identified are production jobs.[3] See Dictionary of Occupational Titles, Revised 4th Ed., http://www.occupationalinfo.org. The ALJ's RFC determination at step four of the sequential evaluation process is supported by substantial evidence.

### d. Review of the Fifth Step Determination

Based on the RFC determination at step four and considering plaintiff's age, education, and work experience, the ALJ determined that plaintiff could perform occupations that existed in significant numbers in the national economy. At step five,

---

[2] While the tone and tenor of pleadings filed with the court play no role in this review, the court notes that the pleadings and letters plaintiff have sent to the court were most courteous, cordial, and polite, all of which would be indicative of a person who interacts well with others socially.

[3] As discussed below, the position of library aide was erroneously identified and included by the ALJ inasmuch as such position would require bi-dexterous use of arms and hands. Thus, such position is not included in this discussion.

-14-

the burden switches to the Commissioner, who must show that there are a significant number of jobs that exist in the national economy that correspond to the claimant's RFC and vocational characteristics. Hunter v. Sullivan, 993 F .2d 31, 3 5 (4th Cir. 1992).

In this case, the ALJ employed a Vocational Expert ("VE"). The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular plaintiff can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, Chester v. Mathews, 403 F. Supp. 110 (D.Md. 1975), and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. Stephens v. Secretary of Health, Education and Welfare, 603 F.2d 36 (8th Cir. 1979).

Hypothetical questions posed by an ALJ to a vocational expert must fully describe a plaintiff's impairments and accurately set forth the extent and duration of the claimant's pain, if any. Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978). Where the ALJ properly formulates his hypothetical to accurately reflect the condition and limitations of the claimant, the ALJ is entitled to afford the opinion of the vocational expert great weight. Shively v. Heckler, 739 F.2d 984 (4th Cir. 1984). Because plaintiff's conditions and limitations were accurately portrayed to the vocational expert, the ALJ did not fail to consider all the evidence, and his reliance on the opinion of the vocational expert that jobs were available to a person with plaintiff's limitations was proper.

Based on the proper hypothetical posed by the ALJ, the VE testified that such an individual could perform sedentary, unskilled occupations as a security monitor (1,800 to 1,900 positions statewide), food checker (1,100 positions statewide), cashier (1,100 positions statewide), information clerk (800 positions statewide), and telephone solicitor (2,000 positions statewide). The vocational expert further testified that these occupations were routine and repetitive in nature, consistent with a limitation to unskilled work. A.R., at 413. The ALJ, based on such opinion, found at step five that plaintiff could perform the jobs of library aide, security monitor, food checker, cashier, information clerk, and telephone solicitor. A.R., at 23.

The ALJ's decision as well as the testimony of the VE are not, however, without error:

(1) the VE erred when he identified the position of **library aide** and the ALJ erred when he failed to exclude such position from his final decision. The position of library aide was erroneously identified and included by the ALJ inasmuch as such position would require bi-dexterous use of arms and hands. Thus, such position cannot satisfy the Commissioner's burden at the fifth step;

(2) the vocational expert's testimony that the **food checker** and **telephone solicitor** occupations are consistent with a limitation to unskilled work appears to conflict with information contained in the Dictionary of Occupational Titles, <u>supra</u>. According to the DOT, these occupations each have a specific vocational preparation (SVP) level of three, which

means that the occupations are equivalent to semi-skilled work under the regulations. The ALJ's RFC limited plaintiff to unskilled work, making the ALJ's reliance on these positions misplaced.

Thus, for the ALJ's decision to be supported by substantial evidence, the ALJ must have properly found that the plaintiff had the RFC to perform work as a security monitor, a cashier, or an information clerk, and that such occupations existed in significant numbers in the economy. The court finds that the ALJ's decision is in fact supported by substantial evidence because these other occupations constitute a significant number of jobs. Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (three occupations with 110 positions in the region constitutes a significant number).

* * *

Having carefully considered the sequential evaluation conducted by the ALJ, the court finds that the ALJ committed error as identified above; however, the court finds such to be harmless as the ALJ identified additional jobs that exist in satisfactory numbers that plaintiff could perform. Finding that such decision is supported by substantial evidence, the court will affirm the final decision of the Commissioner.

### 3. Consideration of Remand Based on Additional Evidence

The court will next consider whether remand is warranted for consideration of additional evidence under sentence six of 42, United States Code, Section 405(g). Plaintiff has submitted additional material that is not in the administrative record.

This court's review is, however, limited to the evidence that was presented to the ALJ. Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996).

Reading the pleadings in a light most favorable to plaintiff, the court assumes that plaintiff contends remand is appropriate based on evidence which he contends is both new and material. The sixth sentence of 42, United States Code, Section 405(g) provides:

> The court may, . . . at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Id. In Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991),[4] the Court of Appeals for the Fourth Circuit held that evidence is new if it "is not duplicative or cumulative," and is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id., at 96. See also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

Plaintiff has submitted a July 17, 2008, North Carolina Department of Health and Human Services decision finding that Plaintiff was disabled and entitled to

---

[4] While the appellate court in Wilkins was addressing whether the Appeals Council properly addressed evidence which the claimant represented as new and material, the undersigned finds the Wilkins definitions instructive and appropriate in the circumstances presented by this case.

medical assistance benefits. This decision concerned an application that plaintiff filed in December of 2007, with an alleged disability onset date of September 2007. Thus, this decision does not concern the period at issue before the ALJ, which closed on March 26, 2007.  While this evidence is certainly "new" it is not material in that it does not speak to the period which was reviewed by the Commissioner. <u>Beliveau. rel. Beliveau v. Apfel</u>, 154 F. Supp. 2d 89, 94 (D. Mass. 2001)

Additional evidence submitted by plaintiff consists of records and letters from Dr. Boyles and an MRI report, which do not amount to new evidence because these documents already appear in the administrative transcript at pages 250, 254-55, and 286. Cumulative documents cannot support a sentence six request for remand.

Finding no basis for remand under Sentence Six, the court finds no merit to this assignment of error.

**VI.  Conclusion**

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error.  Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence.  <u>See</u> <u>Richardson v. Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>.  Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, <u>supra</u>, the undersigned will deny plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and, therefore, affirm the

decision of the Commissioner. A judgment reflecting such decision is filed simultaneously herewith.

Signed: October 27, 2008

Dennis L. Howell
United States Magistrate Judge